```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JULIE MOSLEY, a/k/a JULIE MOSLEY-GARZA, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 04-4511 (JBS) |
| v. | **OPINION** |
| BASS RIVER MUNICIPAL COURT, et al., | |
| Defendants. | |

John Stuart Furlong, Esq.
FURLONG & KRASNY, ESQS.
Mountain View Office Park
820 Bear Tavern Road
Suite 304
West Trenton, NJ 08628
    Attorney for Plaintiff

Vicki J. Moresi, Esq.
MCCRINK, NELSON & KEHLER
475 Route 73
West Berlin, NJ 08091
    Attorney for Defendants Bass River Municipal Court, Bass
    River Police Department, Township of Bass River, Hon. Adolf
    P. Sicheri, and Daniel C. Melega

**SIMANDLE**, District Judge:

    According to Plaintiff, on October 20, 2000 she was a passenger in a vehicle being driven by an intoxicated Mark Yaiser when their car fatally struck the driver of another car. Plaintiff claims that through deliberate attempts by Defendants to cover-up any wrongdoing, Yaiser, whose brother was a New Jersey State police sergeant at the time, was charged only with "failure to maintain lane." The series of events related to

Yaiser's subsequent hearing on that charge give rise to this litigation.  In short, Plaintiff alleges that Defendants attempted to influence her testimony and deliberately took a series of actions which caused an illegitimate bench warrant to be issued resulting in her arrest.

Plaintiff brought this action under 42 U.S.C. § 1983 and state law alleging false arrest, false imprisonment, and abuse of process.  Defendants subsequently moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[1]  The primary issue currently before the Court is whether Defendant Melega is entitled to quasi-judicial immunity for claims against him in his individual capacity.  For the following reasons, the motion will be granted in part.

## I.   BACKGROUND

The Court will only recite the factual allegations that bear upon the question of law presented by the instant motion.[2]

---

[1] Initially, per Plaintiff's request, the Court will dismiss the Amended Complaint with prejudice pursuant to Rule 41(a)(2), Fed. R. Civ. P., as to Bass River Municipal Court, Bass River Township and Hon. Adolf Sicheri, Bass River Municipal Court Judge, as well as all claims against Defendant Melega in his official capacity.

[2] Defendants filed the instant motion together with a motion for a protective order on January 9, 2006.  By Order dater January 24, 2006, Hon. Joel B. Rosen, Magistrate Judge, issued a protective order staying discovery pending the outcome of this motion.

On October 20, 2000, Plaintiff was a passenger in a vehicle being driven by Mark Yaiser when their car struck and killed the driver of another vehicle. (Am. Compl. ¶ 21.) Plaintiff maintains that although Yaiser was intoxicated at the time of the accident and had been driving recklessly, Defendants affirmatively attempted to cover up any wrongdoing because Yaiser's brother was at the time a New Jersey State police sergeant. (Id. ¶¶ 22-28.)

Ultimately, Yaiser was charged only with "failure to maintain lane." (Id. ¶ 28.) A municipal court hearing on the matter was scheduled but repeatedly adjourned over a two-year period. (Id. ¶ 45.) During that time, Plaintiff alleges, Defendants "took discrete steps to obstruct the truth, destroy or prevent collection of evidence, and engage in a broad cover up of" Yaiser's intoxication. (Id. ¶ 37.)

At some point, according to Plaintiff, Defendant Melega, a court administrator responsible for maintaining accurate court records, deliberately changed Plaintiff's address in the court's database. Moreover, Melega allegedly failed to maintain accurate records of telephone contacts between Plaintiff and court personnel. (Id. ¶¶ 47-49.) As a result of these actions, Plaintiff maintains, she failed to make a scheduled court appearance. Melega then assisted Judge Sicheri in preparing a "no-bail" "body warrant" for Plaintiff's arrest. (Id. ¶ 50.)

Plaintiff was arrested on September 16, 2002 and transported to meet with various law enforcement officials who allegedly attempted to improperly influence her testimony.[3]  (Id. ¶¶ 51-55.)

Plaintiff filed her complaint on September 16, 2004 under 42 U.S.C. § 1983 and state law alleging false arrest, false imprisonment, and abuse of process.[4]  Plaintiff filed an Amended Complaint on August 2, 2005.  Defendants subsequently moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## II.  SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving

---

[3] According to Plaintiff, she had originally received notice to appear on September 18, 2002 as a trial witness.  Apparently, the date of the appearance had been changed but a new notice was never mailed to Plaintiff's correct address.  (Am. Compl. ¶ 20.)

[4] By Order dated June 9, 2006, the Court granted Defendant New Jersey State Police Department's unopposed motion to dismiss.  Moreover, a stipulation of dismissal as to Defendants Township of Dover and Dover Township Police Department was filed on December 13, 2005.

party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[5] Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

## III. DISCUSSION

The sole issue before the Court is whether Defendant Melega is entitled to immunity for claims against him in his individual capacity.[6] For the following reasons, the Court holds that Defendant Melega is entitled to immunity only with regards to

---

[5] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Country Floors v. Partnership of Gepner and Ford, 930 F.2d 1056, 1061-63 (3d Cir. 1991).

[6] Plaintiff also addresses in her brief whether Defendant is entitled to Eleventh Amendment immunity. Defendant Melega does not assert an Eleventh Amendment immunity defense, nor could one properly be put forth as that constitutional protection extends only to states as well as entities considered "arm[s] of the state," of which Defendant Melega is not. Edelman v. Jordan, 415 U.S. 651 (1974); Fitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 659 (3d Cir. 1989) (synthesizing the factors to be considered when determining whether an entity is an arm of the state for Eleventh Amendment purposes).

claims arising from allegations that he assisted Judge Sicheri in causing a bench warrant to be issued for Plaintiff.[7]

"Absolute immunity does not apply in every action against a judge or court personnel." Tucker v. I'Jama, 2006 U.S. App. LEXIS 8322, at *2 (3d Cir. April 6, 2006). Instead, the "touchstone" for the applicability of the doctrine of judicial immunity is "the performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights."[8] Antoine, 508 U.S. at 435-36 (quoting Burns v.

---

[7] At the outset, the Court will deny Plaintiff's Rule 56(f) application in light of the January 24th protective order staying all discovery pending the outcome of this motion. In any event, the affidavit does not specify "what particular information is sought [and] how, if uncovered, it would preclude summary judgment . . . ." Pastore v. Nat'l Sec. Sys. Corp., 24 f.3d 508, 511 (3d Cir. 1994) (quoting Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988)). In Plaintiff's Rule 56(f) affidavit counsel states that additional discovery is necessary regarding the allegations that Mr. Melega changed Plaintiff's address in the court computer, assisted the judge in issuing a bench warrant for Plaintiff, and failed to maintain Plaintiff's contact information, all "at the direction of Judge Sicheri." Because all claims against Mr. Melega in his official capacity will be dismissed, this additional discovery will not shed light on the remaining claims against Mr. Melega. Indeed, Plaintiff concedes that Melega is immune from liability where he performed tasks at the specific direction of the judge. (Pl. Opp. Br. at 7.) Accordingly, the Rule 56(f) application will be denied.

[8] The Supreme Court has consistently "emphasized that the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question. The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties. [The Court] ha[s] been quite sparing in [its] recognition of absolute immunity, and ha[s] refused to extend it any further than its justification would warrant." Burns v. Reed, 500 U.S. 478, 486-487 (1991) (internal quotation marks and

Reed, 500 U.S. 478, 500 (1991) (Scalia, J., concurring in judgment in part and dissenting in part)).  Therefore, "'it [is] the nature of the function performed, not the identity of the actor who performed it, that informs[] [an] immunity analysis.'" Id. (quoting Forrester v. White, 484 U.S. 219, 229 (1988) (holding judge's hiring practices not judicial in nature)).

Whether an act is a "'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'"  Gallas v. Supreme Court, 211 F.3d 760, 768-69 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)). As a result, in deciding whether judicial immunity should be extended to particular acts, courts must "draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges," such as administrative acts.  Gallas, 435 F.3d at (quoting Forrester, 484 U.S. at 227).  "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functionally comparable' to those of judges – that is, because they, too, 'exercise a discretionary judgment' as a part of their function." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436, (1993) (citations omitted); see Rodriguez v. Weprin, 116 F.3d 62,

---

citations omitted).

7

66 (2d Cir. 1997) (holding clerk immune from liability for allegedly failing to properly manage the court calendar).

"However, a court employee that exercises no discretion in the performance of his or her duties, such as an employee who performs pure ministerial duties, may not be entitled to quasi-judicial immunity." McKnight v. Baker, 415 F. Supp. 2d 559, 563 (E.D.Pa. 2006). Therefore, for example, court reporters are not entitled to absolute immunity because they have no discretion in carrying out the duty of recording what transpires in court. Antoine, 508 U.S. at 436. Similarly, a clerk of court is generally not entitled to quasi-judicial immunity because he exercises no discretion in the performance of the duties of docketing and filing papers. Brightwell v. Miller, 1993 U.S. Dist. LEXIS 14965 (E.D.Pa. Oct. 21, 1993); Crews v. Petrosky, 509 F. Supp. 1199, 1203 (W.D.Pa. 1981) ("The immunity of certain quasi-judicial officials derives not from mere association with the judicial process, but because they exercise discretion akin to the judiciary."); Allen v. Dorsey, 463 F. Supp. 44, 47 (E.D.Pa. 1978) ("Although the Clerk of the Court and his agents have important duties in the judicial process, their duties, such as docketing and filing papers with the court, are ministerial and mandatory acts which do not merit insulation form liability for damages by a grant of absolute 'quasi judicial' immunity.").

Here, Plaintiff first alleges that Melega intentionally changed Plaintiff's address in the court's database and failed to maintain accurate records of Plaintiff's telephone correspondence with the court in order to cause Plaintiff to fail to receive notice of a mandatory court appearance.  The Court concludes that these acts are non-discretionary and, thus, Melega is not entitled to quasi-judicial immunity.[9]  The performance of these tasks is akin to docketing and filing papers, a ministerial task for which no quasi-judicial immunity is afforded.  See See I'Jama, 2006 U.S. App. LEXIS 8322, at *3-4 (reversing district court's dismissal based on quasi-judicial immunity because clerk's duty to file papers presented for filing is non-discretionary as that duty is mandated by New Jersey Court Rules); Brightwell, supra.  Accordingly, the Court holds as a matter of law that Defendant Melega is not entitled to quasi-judicial immunity for Plaintiff's claim that he intentionally changed her address in the court's computer system.

However, the Court will grant immunity to Melega as to all claims against him in his individual capacity arising from allegations that he assisted Judge Sicheri in improperly issuing a bench warrant for Plaintiff.[10]  The Court holds that issuing a

---

[9] The Court additionally notes that Defendant does not argue in support of qualified immunity.

[10] Quasi-judicial immunity protects qualified officials in an individual-capacity action.  See, e.g., Ryan v. Lower Merion

bench warrant is a judicial act; it involves the use of discretionary judgment that is "functionally comparable" to that typically required of a judge. See, e.g., Mireles v. Waco, 502 U.S. 9, 10-13 (1991) (holding that a judge's order to his courtroom police officers "to forcibly and with excessive force seize and bring plaintiff into his courtroom" was a judicial act); King v. Love, 766 F.2d 962, 966 (6th Cir. 1985) (holding that jailing an individual for contempt of court was a judicial act); Figueroa v. Blackburn, 39 F. Supp. 2d 479, 486 (D.N.J. 1999) (finding judge's order to secure plaintiff's immediate arrest and subsequent contempt order sentencing plaintiff to thirty days in prison judicial acts). By causing the judge to issue a warrant for Plaintiff's arrest, as the Amended Complaint alleges, Melega therefore performed a judicial act. Accordingly, the Court will extend quasi-judicial immunity to Melega for claims that he assisted Judge Sicheri in improperly issuing a bench warrant leading to Plaintiff's arrest.[11]

---

Township, 205 F. Supp. 2d 434, 439 (E.D. Pa. 2002).

[11] Defendant also argues that Plaintiff's pendent state claims are barred under the New Jersey Tort Claims Act as Plaintiff has yet to file a Tort Claims Act notice, N.J.S.A. 59:8-8, and because she cannot satisfy the verbal threshold requirement, N.J.S.A. 59:9-2(d). First, the Court will deny summary judgment based on Plaintiff's failure to file a notice of claim. This cause of action accrued prior to June 29, 2004 and, therefore, the notice requirement is not applicable. Velez v. City of Jersey City, 180 N.J. 284, 296-97 (2004). Moreover, in light of the stay of discovery imposed by the January 24th protective order, the Court will not address whether Plaintiff

**IV. CONCLUSION**

    For the foregoing reasons, the Court will extend immunity only to Plaintiff's claims that Defendant Melega caused Judge Sicheri to issue a bench warrant for Plaintiff's arrest.


**August 7, 2006**                       **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                       U.S. District Judge

---

can satisfy the verbal threshold requirement of the Act as that issue requires factual determinations which cannot be made on this record.  Accordingly, Defendant's summary judgment motion based on the Tort Claim Act's verbal threshold requirement will be dismissed without prejudice to refiling after fact discovery has been completed.